JST
TCP/JWS: USAO #2026R00197

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** ABA-26-310 |
| **v.** | * | |
| **CARLOS MOODY,** | * | **(Interference with Commerce by Threats or Violence, 18 U.S.C. § 1951(a); Forfeiture, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))** |
| **Defendant.** | * | |

**********

## INDICTMENT

### COUNT ONE
### (Interference with Commerce by Threats or Violence)

The Grand Jury for the District of Maryland charges that:

1. At all times material to this Indictment, the Boost Mobile store, located at 2650 West Patapsco Avenue, Baltimore, Maryland 21230, was engaged in the retail sale of cellular telephones, tablets, smartwatches, electronic devices and/or accessories, and other consumer products in interstate commerce, and the business of the Boost Mobile store affected interstate commerce.

2. On or about December 17, 2025, in the District of Maryland, the defendant,

**CARLOS MOODY,**

did knowingly obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take and obtain money and property belonging to the Boost Mobile store, from the person of and in the presence of an employee of the Boost Mobile store, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and property in the employee's

custody and possession.

18 U.S.C. § 1951(a)

JST
TCP/JWS: USAO #2026R00197

## COUNT TWO
## (Interference with Commerce by Threats or Violence)

The Grand Jury for the District of Maryland further charges that:

1. At all times material to this Indictment, the Boost Mobile store, located at 3236 Greenmount Avenue, Baltimore, Maryland 21218, was engaged in the retail sale of cellular telephones, tablets, smartwatches, electronic devices and/or accessories, and other consumer products in interstate commerce, and the business of the Boost Mobile store affected interstate commerce.

2. On or about December 18, 2025, in the District of Maryland, the defendant,

**CARLOS MOODY,**

did knowingly obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take and obtain money and property belonging to the Boost Mobile store, from the person of and in the presence of an employee of the Boost Mobile store, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and property in the employee's custody and possession.

18 U.S.C. § 1951(a)

## COUNT THREE
## (Interference with Commerce by Threats or Violence)

The Grand Jury for the District of Maryland further charges that:

1. At all times material to this Indictment, the Metro by T-Mobile ("Metro PCS") store, located at 2440 North Charles Street, Baltimore, Maryland 21218, was engaged in the retail sale of cellular telephones, tablets, smartwatches, electronic devices and/or accessories, and other consumer products in interstate commerce, and the business of the Metro PCS store affected interstate commerce.

2. On or about December 20, 2025, in the District of Maryland, the defendant,

**CARLOS MOODY,**

did knowingly obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take and obtain money and property belonging to the Metro PCS store, from the person of and in the presence of an employee of the Metro PCS store, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and property in the employee's custody and possession.

18 U.S.C. § 1951(a)

JST
TCP/JWS: USAO #2026R00197

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Counts One through Three of this Indictment.

### Robbery Forfeiture

2. Upon conviction of the offenses set forth in Counts One, Two, or Three of this Indictment, the defendant,

**CARLOS MOODY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to such offenses.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

JST
TCP/JWS: USAO #2026R00197

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes/TCP
Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
FOREPERSON

09/10/2026
Date